**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

IN RE: ANNIE HESTER,

                                    Case No. 21-mc-51092
                                    HON. DENISE PAGE HOOD

_____/

**ORDER DENYING APPLICATION PURSUANT TO COURT
ORDER SEEKING LEAVE TO FILE COMPLAINT and
CLOSING MISCELLANEOUS MATTER**

Plaintiff Annie Hester again seeks permission for leave to file a complaint pursuant to a court order dated September 2, 2009 entered by the Honorable Thomas L. Ludington barring Plaintiff "from filing any further actions against the Commissioner for Social Security in this district unless she obtains the written permission of a judge of this district." (Case No. 08-14575, ECF No. 15) Plaintiff also attached Judge Linda V. Parker's Order in Case No. 19-50526 denying Plaintiff permission to file an action and requiring the Chief Judge to review any such request. However, Judge Thomas L. Ludington's Order in Case No. 08-14575 only requires written permission from "a judge" of this district. This miscellaneous matter was initially randomly assigned to Judge Mark A. Goldsmith, but a Text-Only Order of Reassignment was entered reassigning this matter to the Chief Judge as ordered by Judge Parker's Order in Case No. 19-50525.

The assignment of cases governed by E.D. Mich. LR 83.11(a), Assignment and

Reassignment of Civil Cases to Judges, provides:

> (5) Assignment of cases to the Chief Judge, ... shall be as provided by *administrative order* of the Court.
>
> (6) Miscellaneous matters shall be assigned to a judge at the place of holding court where the miscellaneous matter is filed.

E.D. Mich. LR 83.11(a)(emphasis added). No administrative order has been entered assigning future miscellaneous matters submitted by Annie Hester to the Chief Judge. There is no authority or requirement in the Rules of Civil Procedure or the Local Rules that only the Chief Judge is able to grant or deny permission to file a complaint from an enjoined litigant. Before Judge Parker's Order was entered, many judges in this District reviewed and ruled on more than thirty applications/complaints filed by Hester and other enjoined litigants.

The Sixth Circuit has held that district courts may properly enjoin vexatious litigants from filing further actions against a defendant without first obtaining leave of court. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); see also, *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). "There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers,* 141 F.3d at 269. A district court need only impose "a conventional prefiling review requirement." *Id.* The traditional tests applicable to preliminary injunction motions need not be applied since the district court's prefiling

review affects the district court's inherent power and does not deny a litigant access to courts of law. See *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984). A prefiling review requirement is a judicially imposed remedy whereby a plaintiff must obtain leave of the district court to assure that the claims are not frivolous or harassing. See e.g., *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). Often, a litigant is merely attempting to collaterally attack prior unsuccessful suits. *Filipas*, 835 F.2d at 1146.

Plaintiff did not file a proposed Complaint with this application, but attached both Judges Ludington's and Parkers' Orders to the application. Plaintiff apparently seeks an Order granting an application to proceed in forma pauperis. As set forth above, the Court has the authority to issue pre-filing requirements. The Court finds that any claims or allegations Plaintiff may assert, based on her previous numerous filings, are frivolous and fail to state a claim upon which relief can be granted. See *Ana Leon T. v. Fed. Reserve Bank*, 823 F.2d 928, 930 (6th Cir. 1987). Accordingly,

IT IS ORDERED that Plaintiff's Application Pursuant to Court Order Seeking Leave to File a Complaint **(ECF No. 1)** is DENIED and this matter is deemed

CLOSED on the docket.

                                                  *s/Denise Page Hood*
                                                  DENISE PAGE HOOD
                                                  Chief United States District Judge

DATED: February 4, 2022